IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2012-FL

| | |
|---|---|
| ANTHONY FASHION, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>FAYE DANIELS; ROBERT C. LEWIS; )<br>AND ALVIN W. KELLER, JR., )<br>)<br>Respondents. ) | ORDER |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter came before the court on the motion for summary judgment (DE # 12) pursuant to Federal Rule of Civil Procedure 56 of respondents Faye Daniels, Robert C. Lewis, and Alvin W. Keller, Jr. (collectively referred to as "respondents"). The issues raised have been fully briefed and are ripe for ruling. For the reasons stated below, the court grants respondents' motion for summary judgment.

**STATEMENT OF CASE**

On September 27, 2010, petitioner pleaded guilty, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), in the New Hanover County Superior Court to one count of trafficking heroin. Resp't's Mem. Ex. 1. Petitioner was sentenced to ninety (90) to one hundred seventeen (117) months imprisonment. Id. Petitioner did not file a direct appeal.

On April 4, 2011, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the New Hanover County Superior Court, which was summarily denied. Id. Exs. 5, 6. The North Carolina

Court of Appeals subsequently denied petitioner's *pro se* petition for a writ of certiorari. Id. Exs. 8, 9. On September 26, 2011, petitioner filed a *pro se* pleading captioned "motion to dismiss" in the New Hanover County superior court. Id. Ex. 10. The superior court construed petitioner's motion as a second MAR and denied it. Id. Ex. 11.

On January 17, 2012, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his indictment was defective, that he received ineffective assistance of counsel, and that his rights pursuant to Brady v. Maryland, 373 U.S. 83 (1963), were violated. Petitioner also alleges that there was insufficient evidence to convict him of trafficking heroin. On May 18, 2012, respondents filed a motion for summary judgment, arguing that petitioner's action is meritless. The matter was fully briefed.

**DISCUSSION**

A.    Motion for Summary Judgment

    1.    Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

   2. Analysis

      a. Defective Indictment

Petitioner alleges that his rights pursuant to the Due Process Clause were violated because the trial court amended his indictment at his guilty plea hearing without proper notice. Petitioner raised this claim in his second MAR, and it was summarily denied.

With this claim, petitioner appears to argue that the prosecutor at the guilty plea hearing increased the drug amount for which he was charged without prior notice. Due Process requires that an accused be informed of the specific charge against him. Hartman v. Lee, 283 F.3d 190, 194 (4th Cir. 2002). The record reflects that petitioner pleaded guilty to trafficking in heroin in an amount between fourteen (14) and twenty-eight (28) grams. Resp't's Mem. Ex. 2, p. 2. Petitioner's indictment charged him with trafficking in heroin in an amount in excess of twenty-eight (28) grams.[1] See Resp't's Mem. Ex. 4. Accordingly, the record reflects that petitioner's indictment was not defective because it advised him of the charge, including the drug amount, to which he plead guilty.[2] Based upon the foregoing, the court finds that petitioner is unable to show that the

---

[1] The record reflects that petitioner was charged in two separate indictments on December 14, 2009. Petitioner's first indictment (Case No. 09CRS60703) charged him with three counts of trafficking in heroin and one count of possession of drug paraphernalia. See Resp't's Mem. Ex. 4. Petitioner's second indictment (Case No. 09CRS060696) charged him with possession with the intent to sell and deliver heroin, the manufacture of a schedule I controlled substance, and maintaining a vehicle for keeping or selling a controlled substance. Resp't's Mem. Ex. 4. The cases were consolidated for sentencing. Resp't's Mem. Ex. 1. Petitioner plead guilty to one count of trafficking in heroin, and the remaining charges were dismissed. Id.

[2] Alternatively, the court notes that petitioner waived the right to challenge his indictment when he pleaded guilty to the instant offense. Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Pringle, 342 F. App'x 869, *2 (4th Cir. Sept. 1, 2009) ("Pringle's knowing and guilty plea waives his objection to the amount of drugs with which

4

adjudication of the MAR court was contrary to, or involved an unreasonable application of, clearly established federal law or an unreasonable determination of the facts. For this reason, respondents are entitled to summary judgment for this claim.

        b.        Ineffective Assistance of Counsel

Petitioner alleges that his counsel was ineffective for three reasons: (1) his counsel failed to investigate and advise him of an exculpatory statement made by his co-defendant Altime Coulter ("Coulter"); (2) his counsel failed to investigate the sufficiency of his indictment at all stages of the proceedings; and (3) his counsel failed to explore the issue of actual or constructive possession. Petitioner raised his ineffective assistance of counsel claims in the MAR court. The MAR court summarily adjudicated his claims and denied them.

To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. Id. at 688. This court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. For the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

---

he was charged in the indictment.")

5

### i. Exculpatory Statement

The court first addresses petitioner's allegation that his counsel failed to investigate and advise him of an exculpatory statement. The statement at issue consists of the following statement made by co-defendant Coulter's counsel at petitioner's guilty plea hearing:

> Your honor, we would just ask that you accept this plea. I think Mr. Old [the prosecutor] would agree with us that Mr. Phillips [petitioner's attorney] and I have worked very hard to get this plea, which is about half of what the original offer was. And we're ready and willing to accept the plea as it is.
>
> My client has, however, always maintained that [petitioner] was basically along for the ride and wasn't actively involved nor overly aware of everything that was going on.

Resp't's Mem. Ex. 2.

The court finds that the preceding statement does not exculpate petitioner from the crime of trafficking in heroin. Rather, it simply suggests that he played a lesser role in the crime than Coulter. The prosecutor's summary of the facts at the guilty plea hearing, to which petitioner stipulated, support this finding. Based upon the foregoing, petitioner has not demonstrated that his counsel's conduct was unreasonable. Nor has petitioner demonstrated that an objectively reasonable person in his shoes would have refused to plead guilty and insisted on going to trial. Thus, respondents are entitled to summary judgment for this claim.

### ii. Defective Indictment

As for petitioner's claim that his counsel was ineffective because he should have known that his indictment was defective and pursued the appropriate challenge, this claim too fails. The court determined supra that petitioner's indictment was not defective. Accordingly, petitioner is unable

to establish the first prong of the Strickland test because he has not demonstrated that his counsel acted unreasonably. Thus, respondents are entitled to summary judgment for this claim.

          iii.      Actual or Constructive Possession

Petitioner states in his petition that his counsel "also failed to investigate whether or not the def[endant] had actual or constructive possession." Pet. p. 7. Petitioner did not provide any further factual basis for his claim. The Fourth Circuit has made clear that "[u]nsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogation on other grounds recogn'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Because petitioner failed to provide any factual basis for the above-stated claim, aside from conclusory assertions, respondents' motion for summary judgment is GRANTED.[3]

    c.    Brady Claim

In his third claim, petitioner argues that the State violated his rights pursuant to Brady v. Maryland, 373 U.S. 83 (1963), because it failed to disclose Coulter's allegedly exculpatory statement. A Brady claim has the following three essential elements: "(1) the evidence must be favorable to the accused; (2) it must have been suppressed by the government, either willfully or inadvertently; and (3) the suppression must have been material, i.e., it must have prejudiced the defense at trial." Monroe v. Angelone, 323 F.3d 286, 299-300 (4th Cir. 2003) (citing Strickler v. Greene, 527 U.S. 263, 281-82 (1999)).

---

[3] The court notes that, in order to show possession, the State must provide substantial evidence that: 1) defendant had actual possession; 2) defendant had constructive possession; or 3) defendant acted in concert with another to commit the crime. State v. Garcia, 111 N.C. App. 636, 639-40 (1993) (citation omitted). The prosecutor's summary of facts supports a finding of possession under these circumstances. Thus, petitioner's ineffective assistance of counsel claim also fails on this ground.

7

As stated supra, the statement at issue is not exculpatory, and there is no evidence that this information was material. Moreover, the alleged Brady evidence regarding petitioner's involvement in the crime consisted of information within petitioner's own knowledge. "[W]here the exculpatory information is not only available to the defendant but also lies in a source where a reasonable defendant would have looked, a defendant is not entitled to the benefits of the Brady doctrine." Lovitt v. True, 403 F.3d 171, 184 (4th Cir. 2005) (internal quotation omitted). Because Coulter's statement was not exculpatory and because the alleged evidence was reasonably available to petitioner through other sources, including himself, petitioner cannot meet the second prong of the Brady test. Thus, the MAR court's denial of this claim did not result in a decision that was an unreasonable application fo clearly established federal law, and respondents are entitled to summary judgment for petitioner's Brady claim.

        d.        Sufficiency of the Evidence

In his final claim, petitioner alleges that there was insufficient evidence to convict him of trafficking heroin. The standard of review for claims of insufficient evidence on habeas corpus review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Wright v. West, 505 U.S. 277, 284 (1992); Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Petitioner was convicted of trafficking in heroin by transportation of between fourteen (14) and twenty-eight (28) grams of heroin. Resp't's Mem. Ex. 2, p. 2. The prosecutor's summary of facts at the guilty plea hearing, to which petitioner stipulated, reflected that beginning in early August of 2009, the New Hanover County Sheriff's Office received information from a confidential informant that two or three individuals were bringing large quantities of heroin from the Bronx, New

8

York. Resp't's Ex. 2, p. 6. On September 8, 2009, the confidential informant informed the Sheriff's Office that the individuals were traveling east to obtain heroin, and that a "man called Fashion would come to Wilmington to sell out of hotel rooms." Id. p. 7. On September 22, 2009, the Sheriff's Office stopped a vehicle which was occupied by petitioner and Coulter, who was the driver of the vehicle. The law enforcement officers searched the vehicle, and recovered a bag containing over twenty-seven (27) grams of heroin. Id. p. 8. The officers also recovered a filtered breathing mask (which was coated in brown powder which tested positive for heroin), a Mr. Coffee bean grinder in its original box coated with heroin residue, a yellow tooth brush which contained heroin residue, stamps used to mark wax bindles, a triton digital scale, four rolls of scotch tape, and two small cardboard boxes containing a thousand empty wax bindles. Id. Finally, the officers found tickets, receipts, and other such information which indicated that petitioner and Coulter had traveled to the Bronx and were returning to sell heroin. Id. The court finds that these facts are sufficient to establish that a rational trier of fact could find the essential elements of trafficking in heroin beyond a reasonable doubt. Petitioner has not presented any evidence to the contrary.

Based upon the foregoing, petitioner is unable to show that the adjudication of the MAR court was contrary to, or involved an unreasonable application of, clearly established federal law or an unreasonable application of the facts. Thus, respondents are entitled to summary judgment for this claim.[4]

---

[4] Alternatively, petitioner's claim regarding the sufficiency of the evidence would be waived by his guilty plea. See Price v. Johnson, 218 F. App'x 274, 276 (4th Cir. Feb. 23, 2007).

B.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondents are entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondents' motion for summary judgment (DE # 12) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 15th day of February, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge